## KNIGHTS OF THE MACCABEES OF THE WORLD v. JESSIE L. HUNTER.

### Decided October 16, 1909.

**1.—Life Insurance—Application—Answer to Question.**

When, in an application for life insurance, the applicant was asked if he had ever been afflicted with "ulcers or open sores," his answer in the negative was literally true when he had as a matter of fact been afflicted with only one ulcer.

**2.—Same.**

An applicant for life insurance represented in his application that he had never been afflicted with ulcers or open sores; he also stated in the same application that he had had piles, and gave the details of the attack. In a suit upon the policy of insurance a finding by the jury that the deceased had an ulcer of the rectum was not inconsistent with his representations taken as a whole, and was not sufficient to avoid the policy.

**3.—Verdict—Preponderance of Evidence—Practice.**

Although a verdict may be against the preponderance of the evidence, it will not be disturbed by an Appellate Court when there is testimony legally sufficient to support it.

**4.—Insurance Policy—Affidavit of Minister.**

Where, under a liberal interpretation of the by-laws of an insurance fraternity, an affidavit by the minister who officiated at the funeral of the insured was only to be supplied when required by certain officers of the society, in the absence of pleading and proof that such requisition was made and that the furnishing of such affidavit was a condition precedent to a recovery by the beneficiary in the policy, the failure to furnish the same would not defeat a recovery by the beneficiary in the policy.

Appeal from the District Court of Taylor County. Tried below before Hon. J. H. Calhoun.

*J. E. Yantis* and *Cunningham & Oliver,* for appellant.—The deceased Hunter made application on the 4th day of October, 1905, to the appellant for membership in its order for an increase of $2,000 in insurance. In his application, in answer to the question whether or not he had "ulcers or open sores," he represented that he had never had "ulcers or open sores." By the terms of his contract he warranted the correctness in every particular of his said statements, and agreed that a false answer to any of the questions in said application should vitiate the benefit certificate. The jury found in a verdict upon the fifth special issue that the deceased had an ulcer of the rectum prior to the 4th day of October, 1905, and the court should have rendered his judgment on said finding in favor of the appellant, and his action in rendering judgment in favor of the appellee was directly contrary to the verdict of the jury and was erroneous. National Life Ins. Co.

v. Reppond, 81. S. W., 1012; National Life Ins. Co. v. Reppond, 96 S. W., 780; Knights and Ladies of Honor v. Payne, 108 S. W., 1160; Knights and Ladies of Honor v. Payne, 110 S. W., 523; Brock v. United Moderns, 81 S. W., 340.

*Wagstaff & Davidson,* for appellee.

SPEER, ASSOCIATE JUSTICE.—Appellee, as beneficiary, recovered judgment against appellant, a fraternal benefit association, in the sum of three thousand dollars, one thousand of which the association admitted to be due, but two thousand dollars of which, representing an increase in the amount of the benefit certificate, it disputed upon the ground of certain false statements in the deceased member's application, which statements constituted warranties. They are thus summed up in appellant's brief: "(1) He represented that he had never changed his residence on account of his health. (2) He represented that he had not been afflicted with cough (habitual). (3) He represented that he had not been afflicted with consumption. (4) He represented that he had not been afflicted with a disease of the lungs. (5) He represented that he had not been afflicted with ulcers or open sores. (6) He represented that he had never consulted a physician but one time during the ten years previous to the date of his application, which was October 4, 1905. (7) He represented that he had been afflicted with piles, but had fully recovered. (8) He represented that he had never had any ailment or injury other than piles prior to October 4, 1905." The truth of each of these matters was contested by appellant and submitted to the jury on special issues, the jury answering each of them favorably to appellee except the fifth, to which they answered "that he had an ulcer of the rectum." The certificate sued on contained the stipulation that it was "issued because of application for membership and medical examination furnished by the member in writing, signed by him and warranted to be absolutely true in every particular as written." It is undisputed that appellee's deceased husband made the representations above enumerated.

It is first insisted by appellant that a summary instruction should have been given for it, or in other words the jury should have been instructed to answer each of the special issues in favor of the defendant. But we have concluded that the real question under the facts arises upon a subsequent assignment calling in question the sufficiency of the evidence to support the jury's findings upon the issues submitted, and the matter will be discussed under that assignment.

Appellant next contends that the trial court erred in rendering judgment against it upon the verdict of the jury, seeing that the jury answered the fifth special interrogatory in its favor; that is, "that he had an ulcer of the rectum." In Mutual Life Ins. Co. of New York v. Crenshaw, 116 S. W., 375, the applicant was asked the following question: "Have you suffered abortions or serious troubles in labor?" which she answered in the negative. The testimony showed that about thirty days before the issuance of the policy the applicant had suffered an abortion. The Court of Civil Appeals for the Fourth District held that the answer was literally true, saying: "The question did not call

for an answer in reference to a single abortion, and the answer did not come within the terms presented by the question. The applicant, so far as the evidence shows, had not suffered abortions, hence her answer was true, considering the terms of the question." If this conclusion be sound, then there is the same reason for holding the answer to be true in the present case. The inquiry was whether or not applicant had been "afflicted with ulcers or open sores." He was not asked if he had had an ulcer or open sore.

But, without questioning the conclusion of the court in the case above referred to, we do not rest our decision of the question upon this ground. In the application for the benefit certificate the applicant was asked whether or not he ever had piles. He answered that he had, and gave the details of the attack, including its date, duration and results, indicating that he had had an operation for the same. So that it can not be said that the jury's finding that deceased had had an ulcer of the rectum is inconsistent with his representations taken as a whole. It does not necessarily follow from their answer that deceased was afflicted with any ulcer other than the attack of piles referred to by him.

This brings us to a determination of the vital question in the case; that is, whether or not the verdict of the jury finds support in the testimony. It is earnestly insisted by appellant that it does not, and we must confess that the weight of the testimony is apparently against it. But with this we are not concerned if the testimony favorable to it is legally sufficient to support it. The first, third and fourth issues, as above enumerated, are those upon which appellant must rely for a reversal. Upon these issues appellee's testimony was as follows:

Mrs. Thomas A. Lovelace testified: "I was acquainted with Claude Dawson Hunter during his lifetime. He boarded with us about two years or more, and roomed in our house. I knew him well during that period. This was during the years 1903 and 1904. His health was good when he first came to board with us. His health got bad after that, and then got better. He got well before he left our house, and said he was well. He had several spells of illness, but was well several months before he left our house and said he thought he was all right in health. . . . Mr. Hunter thought he had piles, and would not admit it was tuberculosis. . . . My best recollection is that he left Bonham and went to Western Texas in the summer of 1904. He said he thought he could do better out there. He said he had a business out there."

Thomas Lovelace also testified that he had heard the deceased say that he was suffering from rectum tumors; that the nature of his sickness was piles or rectum trouble. Accompanying the application of the deceased, and forming a part of the same, was the medical examiner's report. In that report Dr. Barnett states that he had known the applicant twenty-three years, and that there was nothing unfavorable in his general physical conformation; that his pulse rate was seventy-eight, and that after careful inquiry and physical examination he did not find any evidence of past or present disease of the brain or nervous system, of the respiratory organs, of the stomach or the abdominal organs, of the skin, ears, eyes or any part of the body, or any

evidence of rheumatism or gout. That in the opinion of the examiner no former injury or sickness had affected applicant's constitution unfavorably, and that he did not know of any reason why applicant should not be accepted for life benefit membership.

While, as before stated, appellant's evidence tended very strongly to show that deceased had changed his residence on account of his health, and had been afflicted with tuberculosis prior to his application for the benefit certificate sued on, and which evidence it is unnecessary to set out, still it can not be said, in view of the above testimony, that the jury was required to find other than it did. It will be borne in mind that much of the testimony relied upon by appellant to show that deceased had been afflicted with tuberculosis was necessarily expert or opinion evidence. Viewing the testimony in its most favorable light to appellee, as we must, here we have medical opinion pitted against medical opinion. Dr. Neel thinks the applicant had consumption. Dr. Barnett was of the opinion that no former injury or sickness had affected his constitution unfavorably, and failed to discover the presence of this dread malady. The extent of Dr. Neel's investigation is not shown; that is, whether he made a microscopic examination or otherwise employed the latest and most approved tests for tubercular germs, and the jury was therefore authorized to find, as they did, that deceased's answers were true.

In view of our conclusion that the verdict is supported by the testimony, it becomes unnecessary for us to pass upon the ruling of the court in holding that appellant had waived its right to declare a forfeiture of the certificate, because no other judgment than one for appellee could have been rendered upon that verdict.

Nor was there error in rendering judgment for appellee, even though the proof did not show that appellant had been supplied with the affidavit of the minister who officiated at the funeral of the deceased. It is not shown either by the pleading or proof that the furnishing of such affidavit was a condition precedent to appellee's recovery. Furthermore, a liberal interpretation of the clause of the by-laws relating to the subject would be that such affidavit was to be supplied only when required by the supreme record-keeper or the supreme commander, and it is not contended that either of these officials ever made requisition for such proof.

We find no error in the judgment and it is affirmed.

*Affirmed.*

Writ of error granted, reversed and rendered.